J-S35035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HENRY J. SWARTSWELDER :
:
Appellant : No. 272 MDA 2018

Appeal from the Judgment of Sentence September 6, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001768-2016

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 03, 2018**

Henry J. Swartswelder (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault against emergency medical services personnel, resisting arrest, and disorderly conduct.[1]  We affirm.

On August 19, 2016, Brian Heffner, an emergency medical technician (EMT), along with his partner, Eric Burkholder, responded to a call that Appellant may have suffered an overdose.  Lebanon City Police Officers Ryan Margut and Thomas Kocher also responded.  When the first-responders arrived, Appellant resisted and struggled against their attempts to administer medical treatment and transport him to the hospital.  As a result, Appellant

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), (c)(21), 5104, 5503(a)(1).

was charged with the above offenses.

The case proceeded to a jury trial on July 19, 2017. In its opinion, the trial court detailed the testimony of EMT Heffner and Officers Margut and Kocher as to their observations and interactions with Appellant. **See** Trial Court Opinion, 1/16/18, at 1-5. Appellant did not testify or present any witnesses. The jury found Appellant guilty of all charges.

On September 6, 2017, the trial court sentenced Appellant to an aggregate term of 15 months to 5 years of imprisonment.[2] Appellant filed a timely post-sentence motion, challenging both the sufficiency and weight of the evidence, which the court denied.[3] Appellant timely appealed and

_____

[2] Specifically, the trial court sentenced Appellant to 15 months to 5 years of imprisonment for aggravated assault; 6 months to 2 years for resisting arrest; and 4 months to 1 year for disorderly conduct. All of the sentences were to run concurrently.

[3] The tenth day after the September 6, 2017 sentencing was Saturday, September 16th. Thus, the post-sentence motion filed on Monday, September 18th was timely. **See** 1 Pa.C.S.A. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); Pa.R.Crim.P. 720(A)(1) (written post-sentence motion shall be filed no later than 10 days after imposition of sentence); **In re Nomination Papers of Lahr**, 842 A.2d 327, 333 n.6 (Pa. 2004) (we have applied 1 Pa.C.S.A. § 1908 to counting time under the Rules of Criminal Procedure).

Furthermore, we note that initially, on September 13, 2017, Appellant, who was represented by counsel, filed a *pro se* notice of appeal, which also requested the appointment of new counsel. The trial court accepted the document for filing and forwarded it to Appellant's counsel pursuant to Pa.R.Crim.P. 576(a)(4). **See** Pa.R.Crim.P. 576(a)(4) (when a counseled defendant submits a *pro se* filing, the clerk of courts shall accept it for filing

complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents two issues for our review:

I. Whether the jury's verdict was against the weight of the evidence?

II. Whether [Appellant's] motion for acquittal should be granted due to the Commonwealth's failure to present sufficient evidence at trial?[4]

Appellant's Brief at 4.

Appellant's issues and his corresponding arguments are related. In Appellant's first issue, he avers that "[t]he verdict was against the weight of the evidence." *Id.* at 9. Although he cites two cases as authority for the standard of appellate review of a weight of the evidence claim, he does not specify which elements of which of his three offenses were not allegedly supported by the weight of evidence. Instead, his sole argument, stated verbatim, is: "To sustain a conviction for [Appellant] argues the jury's verdict is shocking [sic]. The video clearly shows he did not intend to hurt or harm the medical personnel. He simply did not want to go [to] the Hospital. He was frustrated when the EMT insisted on the transport." *Id.*

_____

and forward a copy to his attorney and the Commonwealth within 10 days). Counsel then filed a post-sentence motion on September 18th.

[4] We have reordered Appellant's issues to correspond to the order in which he discusses them in the argument section of his brief.

In Appellant's second issue, he challenges the sufficiency of the evidence with respect to his convictions of aggravated assault and resisting arrest.[5] With respect to aggravated assault, Appellant contends that he did not intend to cause or attempt to cause bodily injury. Concerning his conviction of resisting arrest, Appellant avers that he did not create a substantial risk of bodily injury to anyone or require substantial force to overcome his resistance. He presents identical arguments in support of both sufficiency claims: that he told emergency personnel that he did not want to be removed from his apartment and that he did not want medical attention, and that "[h]is physical reaction was to the forced removal from his apartment not an intent to harm anyone." *Id.* at 11.

Preliminarily, we recognize that a claim of insufficient evidence argues that there was no reliable evidence presented as to each element of the offense charged beyond a reasonable doubt; in contrast, a challenge to the weight of the evidence concedes that there was sufficient evidence to sustain the verdict. **Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000). Here, in challenging the evidence of his intent to harm EMT Heffner, Appellant appears to concede there was sufficient evidence and in actuality revert to a weight claim. **See id.** Additionally, because an intent to cause bodily injury

_____

[5] Appellant does not challenge the sufficiency of the evidence for his disorderly conduct conviction.

- 4 -

is an element only of aggravated assault, and not Appellant's other offenses,[6]

we only consider his claim as to that offense.

In reviewing a challenge to the weight of the evidence, this Court has

explained:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Collins***, 70 A.3d 1245, 1251 (Pa. Super. 2013) (citation

omitted). Appellant was convicted under section (a)(3) of the aggravated

assault statute, which provides: "A person is guilty of aggravated assault if he

. . . attempts to cause or intentionally or knowingly causes bodily injury to

any of the officers, agents, employees or other persons enumerated in

_____

[6] Resisting arrest is defined as follows: "[W]ith the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. Appellant was convicted under subsection (a)(1) of the disorderly conduct statute, which provides: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . engages in fighting or threatening, or in violent or tumultuous behavior[.]" ***See*** 18 Pa.C.S.A. § 5503(a)(1).

subsection (c), in the performance of duty[.]" *See* 18 Pa.C.S.A. § 2702(a)(3). Subsection (c) includes emergency medical services personnel. 18 Pa.C.S.A. § 2702(c)(21).

In its opinion, the trial court reiterated that at trial, EMT Heffner testified that as he attempted to provide medical treatment to Appellant, Appellant squeezed Heffner's arm and tried to bite him. Both Heffner and Officer Margut testified that Appellant grabbed Heffner and pulled him over the stair chair[7] to the ground. Officer Kocher testified that Appellant repeatedly tried to stand as three police officers and two EMTs attempted to hold him in the stair chair and administer medical treatment. A cell phone video — which both parties stipulated was an accurate representation of the incident, N.T., 7/16/17, at 12-13 — showed that Appellant struggled with the EMTs and police officers as they attempted to provide treatment, that Appellant "attempted to force his way into a standing position," and that a commotion ensued as Appellant and Heffner were thrust to the ground. Trial Court Opinion, 1/16/18, at 9. Both parties stipulated that EMT Heffner, who sustained a severe wrist sprain, suffered bodily injury as defined by law. N.T., 7/16/17, at 11, 46.

In rejecting Appellant's challenge to the weight of the evidence, the trial court properly reasoned that the jury was free to believe all, none, or part of the evidence at trial, and was free to give substantial weight to the

---

[7] EMT Heffner explained that a "stair chair" was a type of chair used by EMTs to transport a patient down stairs. N.T. Trial, 7/16/17, at 8.

uncontroverted testimony of the Commonwealth's witnesses. ***See Collins***, 70 A.3d at 1251; Trial Court Opinion, 1/16/18, at 13. Appellant's argument on appeal would require this Court to disregard not only the jury's credibility findings, but also the trial court's denial of his post-trial motion. This is not our function, because the jury, as the factfinder, was free to believe all, part, or none of Heffner's and Officers Margut's and Kocher's testimony, and our role as an appellate court is to consider only whether the trial court abused its discretion in denying Appellant's weight claim. ***See Collins***, 70 A.3d at 1251. Our review of the record reveals no abuse of discretion by the trial court. ***See id.*** Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judge Panella joins the memorandum.

P.J.E. Bender files a concurring Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/03/2018